91 F.3d 147
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Zachery L. WILSON, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 95-2587.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1996.*
Decided July 15, 1996.
 
 Before CUDAHY, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Following a jury trial, Zachery L. Wilson was found guilty of possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c), and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). He was sentenced to a total of 19 years' imprisonment. Wilson brought a direct appeal to this court, arguing only that the evidence used against him was seized in violation of the Fourth Amendment. This court rejected his argument and affirmed his conviction. United States v. Wilson, 2 F.3d 226 (7th Cir.1993), cert. denied, 114 S.Ct. 1615 (1994). Wilson then brought the present petition for habeas corpus relief. 28 U.S.C. § 2255. The district court denied the petition, and this appeal followed.
 
 
 2
 In his petition, Wilson raised three issues not presented at trial or on direct appeal. Accordingly, these claims are forfeited unless Wilson can show both good cause for and actual prejudice from the failure to raise them. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). In resolving Wilson's claims, we think it most efficient to discuss only the issue of prejudice; if Wilson cannot show any prejudice from his attorney's failure to raise these claims, then he is not entitled to relief under § 2255. United States v. Frady, 456 U.S. 152, 168 (1982); Degaglia v. United States, 7 F.3d 609, 612 (7th Cir.1993).
 
 
 3
 Wilson's first claim is that the Assistant United States Attorney who prosecuted his case suborned the perjury of the two police officers who arrested him. According to Wilson, the officers lied about their location when they received a radio report concerning an incident involving a brown station wagon in order to create a credible time frame by which they could then claim that they believed Wilson's car to be the one reported on the radio, thus "manufacturing" probable cause to justify their "stop" of Wilson's car.
 
 
 4
 Wilson bases his allegation on the alleged inconsistency between the officers' statements in their Affidavit in Support of Criminal Complaint and their statements during an evidence suppression hearing. In the affidavit, the officers stated they heard the radio report "while on routine patrol in the area of 12th and North." At the suppression hearing, the officers testified that they heard the radio report while they were "at Holton and North." According to Wilson, if the officers were really at 12th Street rather than Holton Street when they received the radio report, it would have been chronologically impossible for Wilson's car to have been the one reported.
 
 
 5
 As the district court correctly explained, however, there was no inconsistency between these two statements. The first statement merely describes their general patrol route and explains that it includes the intersection of 12th and North, the point where the officers first spotted Wilson. It does not attempt to pinpoint their location at any given time. The second statement does pinpoint their location when they received the radio report. There is thus no inconsistency between the reports, and hence, no proof of perjury or subornation of perjury. Accordingly, Wilson can show no prejudice from having failed to bring this argument on direct appeal, and may not raise it now in a petition for habeas corpus relief.
 
 
 6
 Wilson's second claim is that the state law enforcement officers who originally arrested him engaged in selective prosecution by turning Wilson over to federal authorities to be prosecuted under federal law while the passenger who was with Wilson at the time of his arrest was not similarly prosecuted. The mere fact that one person is prosecuted for a crime while another is not does not support a claim of selective prosecution. To prevail on a claim of selective prosecution, Wilson would have to show, first, that other similarly situated persons were not prosecuted, and second, that the basis for the decision to prosecute was some impermissible classification such as race, religion or the exercise of constitutional rights. United States v. Armstrong, 116 S.Ct. 1480, 1486-87 (1996); United States v. Monsoor, 77 F.3d 1031, 1034 (7th Cir.1996). Wilson can show neither.
 
 
 7
 First, both Wilson and his passenger were black, thus belying any claim that the basis for selecting whom to prosecute was racial. Nor can he point to any other impermissible basis on which prosecutors chose to prosecute him but not his passenger. Second, Wilson and his passenger were not similarly situated. Wilson owned the car in which the guns were found; the passenger did not. Wilson had drugs on him when he was arrested; the passenger did not. Wilson ran when approached by the police; the passenger did not. All of these factors made the case against Wilson far stronger, and hence provided legitimate reasons for treating the two men differently. Because Wilson could not possibly have prevailed on his claim of selective prosecution, he suffered no prejudice from his failure to raise this claim on direct appeal and may not bring it now.
 
 
 8
 Wilson's final claim is that there was an impermissible variance between the indictment under which he was charged and the evidence adduced at trial. In relation to his indictment for being a convicted felon in possession of a firearm, Wilson says that the indictment's failure to charge him with "circumstantial possession" is a fatal flaw. But there is no such thing as "circumstantial possession." At best, Wilson is arguing that the indictment failed to charge him with constructive possession of the guns found in his car, and also failed to alert him to the fact that the government would prove this element with circumstantial evidence.
 
 This argument has no merit:
 
 9
 In general, a variance between an indictment and the proof established at trial is not fatal unless it involves an essential element of the crime charged. An "essential" or "material" element of a crime is one whose specification with precise accuracy is necessary to establish the very illegality of the behavior and thus the court's jurisdiction.
 
 
 10
 United States v. Auerbach, 913 F.2d 407, 411 (7th Cir.1990) (citations and internal quotation marks omitted). Both actual and constructive possession of a firearm by a convicted felon is illegal and it does not matter whether the government proves possession through direct or circumstantial evidence. United States v. Gill, 58 F.3d 334, 336-37 (7th Cir.1995). Thus, neither the type of possession nor the evidence by which the government planned to prove possession at trial was an essential element of the crime that had to be set out in the indictment. Because this argument has no merit, Wilson suffered no prejudice by his failure to raise it and he may not raise it now on collateral attack.
 
 
 11
 Finally, Wilson complains that he did not receive an evidentiary hearing on his claims. But an evidentiary hearing on a petition under § 2255 is not mandatory. Daniels v. United States, 54 F.3d 290, 293 (7th Cir.1995). Rather, the district court has discretion to determine whether a habeas corpus petitioner is entitled to an evidentiary hearing. Prewitt, 83 F.3d at 820. "[I]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." Barry v. United States, 528 F.2d 1094, 1101 (7th Cir.1976) (footnotes omitted), cert. denied, 429 U.S. 826 (1976). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989). As we have held, Wilson's claims of prosecutorial misconduct, perjury and selective prosecution are baseless. Accordingly, the district court did not abuse its discretion in denying Wilson's request for an evidentiary hearing.
 
 
 12
 The order of the district court denying Wilson's petition is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)